Filed 6/11/21  P. v. Gamboa CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D078245 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF003273) |
| ARNULFO GAMBOA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, Christopher J. Plourd, Judge.  Affirmed.

Pauline E. Villanueva, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Arnulfo Gamboa pleaded no contest to one count of criminal threats (Pen. Code,[1] § 422, subd. (a)) as part of a plea agreement.  The remaining charges and allegations were dismissed.  The parties agreed Gamboa would receive a three-year, upper term sentence, which would be suspended

---

[1]     All further statutory references are to the Penal Code.

pending a three-year probation term. Gamboa made a "Cruz"[2] waiver, to the effect that if he was arrested for a new crime, failed to report to probation or failed to appear for sentencing he could be sent to prison for the suspended term. Gamboa was released on his own recognizance.

Gamboa failed to appear for sentencing and was later arrested. His motion to withdraw his plea was denied and he was sentenced to the three-year upper term.

Gamboa filed a timely notice of appeal and obtained a certificate of probable cause (§ 1237.5).

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Gamboa the opportunity to file his own brief on this appeal, but he has not responded.

## STATEMENT OF FACTS

Appellate counsel has set forth a summary of the facts taken from the probation officer's report. We will incorporate the factual summary from the appellant's brief to provide background information.

On April 9, 2020, Gamboa entered Y&S Coin Laundry in Calexico. He was accompanied by his dogs. The victim, R. Garcia, asked Gamboa to leave his dogs outside. When Gamboa refused to do so, Garcia asked Gamboa to leave. Gamboa left, but stayed close, outside the laundromat.

According to Garcia, Gamboa yelled profanities and stated he was from "Sinaloa" while showing his tattoos. Gamboa continued yelling and threatening Garcia, including displaying what appeared to be a steak knife. At one point, Gamboa yelled that he would kill Garcia. Garcia stated he and

---

2      *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*).

his family had had previous interactions with Gamboa at other locations and thus feared for his safety.

Police eventually arrived at the laundromat and detained Gamboa. Gamboa told them he was mad about his dogs having to stay outside and admitted to yelling profanities at Garcia. Officers searched Gamboa and found two steak knives on his left leg, as well as a small bindle of a white crystalline substance in his pocket. The substance was later confirmed to be 1.1 grams of methamphetamine.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues that were considered in evaluating the potential merits of this appeal.

1. Whether Gamboa's plea was knowing, intelligent, and voluntary, when the record demonstrates the Spanish language interpreter did not go over the plea form with Gamboa and the court instead relied on trial counsel's representation regarding his own Spanish fluency and ability to communicate with Gamboa.

2. Whether, after finding a *Cruz* violation, the trial court abused its discretion by sentencing Gamboa to the upper term of three years.

3. Whether the trial court abused its discretion by denying Gamboa's motion to withdraw his plea.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Gamboa on this appeal.

## DISPOSITION

The judgment is affirmed.

                                        HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


DO, J.

4